IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VINCENT DEON BROWN, § | | |
| #52202-177, § | | |
| MOVANT, § | | |
| § | | |
| V. § | CASE NO. 3:19-CV-1842-D-BK | |
| § | (CRIMINAL NO. 3:15-CR-543-D-2) | |
| UNITED STATES OF AMERICA, § | | |
| RESPONDENT. § | | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Movant Vincent Deon Brown's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the undersigned United States magistrate judge for case management, including the issuance of findings and a recommended disposition. As detailed herein, the motion should be summarily **DISMISSED WITH PREJUDICE**.[1]

### I.     BACKGROUND

In 2015, Brown pled guilty to interference with commerce by robbery (Hobbs Act robbery), in violation of 18 U.S.C. § 1951(a), and using and carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) and predicated on the underlying Hobbs Act robbery.[2]  Crim. Doc. 95 at 2-3 (*Factual Resume*); Crim. Doc. 115-1 at 5-6, *Presentence Report*

---

[1]*See* Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS ("If it plainly appears from the motion and any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

[2] Brown was charged as an aider and abettor under 18 U.S.C. § 2.  Crim. Doc. 1 at 1-3.

¶¶ 6-26.  In 2017, Brown was sentenced to a total term of 177 months' imprisonment—57 months for the Hobbs Act robbery and a consecutive 120 months for using and carrying a firearm—and a concurrent three-year term of supervised release.  Crim. Doc. 122.  His direct appeal was unsuccessful.  *United States v. Brown*, 711 F. App'x 244 (5th Cir. 2018) (per curiam).  Subsequently, Brown filed a motion requesting the court to appoint counsel to explore whether he is entitled to post-conviction relief under *Sessions v. Dimaya*, --- U.S. ---, 138 S. Ct. 1204 (2018), which was construed as a Section 2255 motion and subsequently dismissed without prejudice for want of prosecution.  *Brown v. United States*, No. 3:18-cv-01411-D-BK (N.D. Tex. Dec. 27, 2018).

By the instant Section 2255 motion, Brown asserts his Section 924(c) conviction is invalid under *United States v. Davis*, ____U.S. ____, 139 S. Ct. 2319 (2019), which recently found the residual clause of § 924(c)(3)(B) unconstitutionally vague.  Doc. 5 at 5; *see also* Doc. 2 at 1; Doc. 3.  Brown asserts *in toto*: "I believe my 924(c) conviction to not be a crime of violence.  predicate offense being robbery."  Doc. 5 at 5.  However, because substantive Hobbs Act robbery qualifies as a crime of violence under the elements clause of Section 924(c), the Court concludes Brown is not entitled to relief on his claim.

**II.    ANALYSIS**

18 U.S.C. § 924(c)(1)(A) criminalizes the carrying, use, or discharge of a firearm during, or in furtherance of, any "crime of violence" or "drug trafficking crime."  18 U.S.C. § 924(c)(3) defines the term "crime of violence" to mean:

[A]n offense that is a felony and—

(A)     has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

    (B)    that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

In *United States v. Davis*, 139 S. Ct. 2319 (2019), the Supreme Court recently held that the residual clause of § 924(c)(3)(B) is unconstitutionally vague.  In *United States v. Reece*, — F.3d —, 2019 WL 4252238, *3-4 (5th Cir. 2019), the United States Court of Appeals for the Fifth Circuit subsequently found that *Davis* is retroactively applicable to cases on collateral review.  However, Brown's Section 924(c)(1)(A) conviction is predicated upon a *substantive* Hobbs Act robbery which, as opposed to *conspiracy* to commit Hobbs Act robbery, is a crime of violence under Section 924(c)(3)(A)'s elements clause.  *See United States v. Bowens*, 907 F.3d 347, 353-54 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 1299 (2019) ("binding circuit precedent forecloses [defendant's] claim that Hobbs Act robbery is not a [crime of violence] predicate under 18 U.S.C. § 924(c)(3)(A)").  As such, Brown's challenge to his Section 924(c) conviction lacks merit.

### III.    CONCLUSION

Brown's Section 2255 Motion should be summarily **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on November 8, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).